IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. PROVITT, | ) |
| | ) Civil Action No. 19-1624 |
| Plaintiff, | ) |
| | ) District Judge Marilyn J. Horan |
| v. | ) Chief Magistrate Judge Cynthia Reed Eddy |
| | ) |
| SERGEANT TANNER, NURSE BRENT, and PHYSICIAN ASSISTANT DARLA COWDEN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Before the Court is an appeal, ECF No. 96, filed by Plaintiff James A. Provitt, requesting review of the Magistrate Judge's Order, dated April 6, 2021, ECF No. 82, granting in part and denying in part Plaintiff's Motion to Compel Discovery. Chief Magistrate Judge Cynthia Reed Eddy granted Mr. Provitt's request for the production of Defendant Sergant Tanner's disciplinary record of abuse but denied Mr. Provitt's request for the Pennsylvania Department of Corrections emergency/nursing protocols. (ECF No. 82). Upon review, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion. Therefore, Mr. Provitt's appeal will be dismissed.

The Federal Magistrates Act, 28 U.S.C. §§ 631-639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo," for magistrate resolution of dispositive matter, 28 U.S.C. § 636(b)(1)(B)-(C), *accord* Fed. R. Civ. P. 72(b) (referring to "a pretrial matter dispositive of a claim or defense"), and (ii) "clearly erroneous or contrary to law," for magistrate resolution of nondispositive matters, 28 U.S.C. § 636(b)(1)(A), *accord* Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense"). In

this case, the Order appealed from is nondispositive and will not be disturbed unless such is found to be clearly erroneous or contrary to law.  A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948)).  "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

   Mr. Provitt does not provide any reasoning in his Notice of Appeal, but he contests the portion of the Magistrate Judge's Order denying the production of the Pennsylvania Department of Corrections' emergency/nursing protocols.  As the Pennsylvania Department of Corrections explained in its Responses to Plaintiff's Motion to Compel, the emergency protocols that Mr. Provitt requests are confidential and irrelevant to Mr. Provitt's Eighth Amendment claim.  (ECF No. 80-1, at 1).  The emergency protocols that Mr. Provitt requests are "the facility's responsibilities in dealing with an emergency and/or critical medical situation i.e. cardiac arrests, trauma, and incident involving emergency life-saving care."  (ECF No. 80-1, at 1).  Because Mr. Provitt's injury was not considered an emergent medical situation, the emergency/nursing protocols are irrelevant to Mr. Provitt's Eighth Amendment claim before this Court.  Therefore, the Magistrate Judge's Order is not clearly erroneous, contrary to law, or an abuse of discretion in denying Mr. Provitt's Motion to Compel Discovery regarding the emergency/nursing protocols. The Magistrate Judge's Order granting in part and denying in part Mr. Provitt's Motion to Compel Discovery is affirmed.

Date: May 19, 2021

Marilyn J. Horan
United States District Judge


cc:  JAMES A. PROVITT
     FL-4763
     SCI Phoenix
     1200 Mokychic Road
     Collegeville, PA 19426
     (via U.S. First Class Mail)

     All Counsel of Record
     (via ECF electronic notification)