**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | | |
|---|---|---|
| JAMES A. PROVITT, | ) | |
| | ) | Civil Action No. 2: 19-cv-1624 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Marilyn J. Horan |
| | ) | |
| SERGEANT TANNER, NURSE | ) | Chief United States Magistrate Judge |
| BRENT, AND PHYSICIAN | ) | Cynthia Reed Eddy |
| ASSISTANT COWDEN, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

I.    **RECOMMENDATION**

Defendant Cowden has filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  (ECF No. 91).  Despite being ordered to do so, and despite being granted two extensions of time in which to do so, Mr. Provitt has not responded to this motion.  For the reasons that follow, it is respectfully recommended that the Motion for Summary Judgment filed by Defendant Cowden be granted.

II.   **REPORT**

A.    *Factual Background and Procedural History*

Plaintiff,  James A. Provitt, a state prisoner proceeding *pro se*, commenced this action on December 17, 2019, by the filing of a motion for leave to proceed *in forma pauperis*.  The motion was granted on December 31, 2019 (ECF No. 2), and the Complaint was filed.  (ECF No. 4). Mr. Cowden is currently incarcerated at the State Correctional Institution ("SCI") at Phoenix; however, the events giving rise to this action occurred while he was housed in the Restricted

1

Housing Unit at SCI-Fayette.   Mr. Provitt alleges that Defendant Cowden was deliberately indifferent to the injuries he received after his right hand was slammed in his cell's aperture.

Following the close of discovery, Defendant Cowden filed on April 21, 2021, a motion for summary judgment, a brief in support of that motion, a concise statement of material facts, and supporting documents. (ECF Nos. 91-93, inclusive).  Mr. Provitt's response to the motion was due by July 2, 2021.  (ECF No. 90).  On July 15, 2021, because Mr. Provitt had not filed a response to either Defendant Cowden's motion or the motion filed by the Corrections Defendants, the undersigned *sua sponte* extended his response date to August 20, 2021.  (ECF No. 100).

On August 17, 2021, Mr. Provitt filed a  motion for extension of time to respond to the motions for summary judgment. (ECF No. 101).  Mr. Provitt's motion was granted and his response date extended to September 3, 2021.  Thereafter, Mr. Provitt filed a timely response in opposition to the Corrections Defendants' motion for summary judgment, but failed to file a brief or other documents in opposition to Defendant Cowden's motion for summary judgment.

On September 26, 2021, the undersigned issued an Order advising the parties that because Mr. Provitt had not responded to Defendant Cowden's motion for summary judgment, the undersigned would issue a Report and Recommendation on that motion without the benefit of a response by Mr. Provitt.  (ECF No. 107).  As of the date of this Report and Recommendation, Mr. Provitt has not responded to Defendant Cowden's pending motion for summary judgment in any manner.   The motion is ripe for disposition, notwithstanding that Mr. Provitt did not file a response.  Generally, a dispositive motion may not be granted merely because it is unopposed. When, as in this case, a motion for summary judgment is unopposed, "the Court is required to

conduct its own examination of whether granting summary judgment is appropriate." *Fekade v. Lincoln Univ.*, 167 F. Supp. 2d 731, 738 (E.D.Pa. 2001) (citing Fed.R.Civ.P. 56(e)).

    B.    *Standard of Review*

       The standard for assessing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is well-settled. A court should grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Furthermore, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 250.

       On a motion for summary judgment, the facts and the inferences to be drawn therefrom should be viewed in the light most favorable to the non-moving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Hudson v. Proctor & Gamble Paper Prod. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (citations omitted).  It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. *See Anderson*, 477 U.S. at 255; *Marino v. Indus. Crating Co*., 358 F.3d 241, 247 (3d Cir. 2004); *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S at 247-48.  An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with respect to that issue. *See id*.  "Where the

record taken as a whole could not lead a reasonable trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'." *Matsushita*, 475 U.S. at 587; Huston, 568 F.3d at 104.

This standard is somewhat relaxed with respect to pro se litigants. Where a party is representing himself *pro se*, the complaint is to be construed liberally. A pro se plaintiff may not, however, rely solely on his complaint to defeat a summary judgment motion. *See, e.g., Anderson*, 477 U.S. at 256 ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."). Allegations made without any evidentiary support may be disregarded. *Jones v. UPS*, 214 F.3d 402, 407 (3d Cir. 2000); *see also Schoch v. First Fid. Bancorporation,* 912 F.2d 654, 657 (3d Cir. 1990) ("[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment.").

C.   *Discussion*

Defendant Cowden moves for summary judgment on the grounds that Mr. Provitt has failed to establish an Eighth Amendment claim of deliberate indifference. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need[1] and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner has no right to choose a specific form of medical treatment. Treatment is presumed to be proper,

---

[1]   For purpose of this Report and Recommendation only, the Court finds that Mr. Provitt suffered a serious medical need.

absent evidence that there was a violation in the standard of care. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017).   An adequacy of care claim, like the one brought against Defendant Cowden, involves both an objective and subjective inquiry.   *Id*. at 537.   However, "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993)(citations omitted).

Given that Mr. Provitt has failed to respond to Defendant Cowden's statement of material facts in support of her motion for summary judgment, the facts set forth by Defendant Cowden are deemed admitted for purpose of the pending motion for summary judgment.   *See* Fed.R.Civ.P. 56(e)(2); LCvR 56(E).   Based on those undisputed facts, it is the undersigned's recommendation that Defendant Cowden is entitled to judgment as a matter of law.   More specifically, those facts, derived primarily from Mr. Provitt's medical records, show the following:

* On October 30, 2018, Mr. Provitt's right hand was injured when the aperture in his cell door was closed on his hand.

* On November 1, 2018, Mr. Provitt was seen by Defendant Cowden.  Defendant Cowden performed a physical examination and ordered an x-ray of his right hand. The x-ray results showed no acute fracture.

* Mr. Provitt was seen by the chronic care clinic on November 5, 2018, and did not report any complaints concerning his right hand.

* Mr. Provitt was seen on numerous occasions by Defendant Cowden and other medical providers from November 7, 2018, through March 20, 2019, and on none of these occasions did he report any concerns regarding his right hand.

* On April 3, 2019, Mr. Provitt was seen by Defendant Cowden and reported that he was losing strength in his right hand.  Defendant Cowden ordered an x-ray of his right hand and wrist.  The x-ray results showed no evidence of acute fracture of his right hand or wrist.

* On May 2, 2019, Mr. Provitt was seen by Defendant Cowden after he slipped on water that came into his cell.  He reported that he fell and hit his head, back, and left elbow.  He did not report any concerns with his right hand.

\* Mr. Provitt was seen by the Medical Department on May 13, 2019, complaining of chest pains.  He did not report any concerns with his right hand.

\*  On May 21, 2019, Mr. Provitt was transferred to SCI-Phoenix.

Based upon the undisputed material facts presented here, the undersigned recommends that Defendant Cowden be entitled to summary judgment as no reasonable factfinder could find that Defendant Cowden was deliberately indifferent to Mr. Provitt's serious medical needs in providing treatment for his injured right hand.  The undisputed medical evidence of record shows that Defendant Cowden saw Mr. Provitt  on November 1, 2018, performed a physical exam by having Mr. Provitt make a fist, and then ordered x-rays.  The x-rays showed no evidence of acute fracture of his right hand or wrist.

Mr. Provitt was seen multiple times after November 1, 2018, by Defendant Cowden and other medical providers and never complained of any problems with his right hand until April 3, 2019.  At that time, Defendant Cowden ordered an x-ray and that x-ray showed no evidence of an acute fracture of Mr. Provitt's right hand or wrist.

In this case, there is no dispute that Mr. Provitt received "some level of medical care" from Defendant Cowden.  Under such circumstance, the undersigned recommends that summary judgment is warranted.

## III.    CONCLUSION

For all the above reasons, it is recommended that the Motion for Summary Judgment filed by Defendant Cowden be granted.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party,

must file objections, if any, to this Report and Recommendation by **October 29, 2021**, and Defendant Cowden because she is an electronically registered party, must file objections, if any, by **October 26, 2021**.  The parties are cautioned that failure to file written Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections shall have fourteen days from the date of service of objections to respond.

<u>s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
Chief United States Magistrate Judge

Dated:  October 12, 2021

cc:     JAMES A. PROVITT
        FL-4763
        SCI Phoenix
        1200 Mokychic Road
        Collegeville, PA 19426
        (via U.S. First Class Mail)

        All Counsel of Record
        (via ECF electronic notification)